Youssef H. Hammoud (CA #321934)
youssef@pricelawgroup.com
Lauren Tegan Rodkey (CA #275830)
tegan@pricelawgroup.com
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
*Attorneys for Plaintiff,
Paul Ostrowski*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OSTROWSKI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LENDINGUSA, LLC.; RIVERWALK HOLDINGS, LTD. d/b/a DEVILLE ASSET MANAGEMENT, LTD.; and EQUIFAX INFORMATION SERVICES, LLC.<br><br>　　　　Defendants. | Case No.: 8:19-cv-1827<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FAIR CREDIT REPORTING ACT, 15 USC § 1681 *et al.*<br>2. CCRAA, Cal. Civ. Code § 1785 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Paul Ostrowski ("Plaintiff"), through his attorneys, alleges the following against LendingUSA, LLC ("LendingUSA"), Riverwalk Holdings, Ltd. d/b/a Deville Asset Management, Ltd., ("Deville"), and Equifax Information Services, LLC ("Equifax").

-1-

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et al.* The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other things, the FCRA prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information on a consumer's credit report.

2. Count II of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE § 1785 *et seq.*, which regulates credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1681.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff, Paul Ostrowski is a natural person residing in California.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

10. Defendant LendingUSA is a "person" as defined by Cal. Civ. Code § 1785.3(j).

11. Defendant LendingUSA is an online financial institution that offers different financing options to consumers to consumers. LendingUSA can be served through its registered agent, Johannes Haz, located at 15303 Ventura Blvd., Suite 850, Sherman Oaks, CA 91403.

12. Defendant Deville is a "person" as defined by Cal. Civ. Code § 1785.3(j).

13. Defendant Deville is a company that specializes in the acquisition of defaulted account receivable portfolios from consumer credit originators. online financial institution that offers different financing options to consumers to consumers. Deville can be served through Riverwalk Holdings, Ltd. at its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

14. Defendant Equifax Information Solutions, LLC, is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax can be served at its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309.

15. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

16. Defendants all acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS
### A. SETTLEMENT AGREEMENT

17. In or around July 2017, Defendant Deville sent a collection letter dated July 14, 2017 to Plaintiff.

18. The collection letter indicated that Deville had been assigned Plaintiff's LendingUSA account.
19. As such, Defendant Deville was attempting to collect a debt from Plaintiff on behalf of Defendant LendingUSA.
20. In or around January 2019, Plaintiff and Defendant Deville entered into a settlement agreement to resolve the debt allegedly owed to Defendant LendingUSA.
21. Thereafter, Plaintiff made the full payment required under the settlement agreement and no longer owed any money to Defendants Deville and LendingUSA.

### B. CREDIT REPORTING

22. On or about April 6, 2019, Plaintiff pulled his consumer credit reports.
23. Defendant Equifax was reporting a Deville Asset Management Account (account # D36646XXXX) with a balance of $8,858.00 and a status of unpaid.
    a. The Deville account was reporting inaccurately because Plaintiff had paid it in full pursuant to the settlement agreement.
24. Defendant Equifax was also reporting a LendingUSA Account (account # LCU157XXXX) with a balance of $19,224.00 and a status of "bad debt placed for collection & skip" and stated that the account was a "CHARGED OFF ACCOUNT."
    a. The LendingUSA account was reporting inaccurately because Plaintiff had paid this account in full pursuant to the settlement agreement with Deville.
25. Furthermore, Defendant Deville and Defendant LendingUSA were both reporting a balance on the same alleged debt.

26. Defendant Deville knew or should have knew that the information it was reporting about Plaintiff's Deville account was incomplete or inaccurate because of the settlement agreement entered into in or around January 2019.

27. Defendant LendingUSA knew or should have knew that the information it was reporting about Plaintiff's LendingUSA account was incomplete or inaccurate because of the settlement agreement entered into in or around January 2019.

### C. DISPUTE LETTER AND DISPUTE RESULTS

28. On or about April 24, 2019, Plaintiff sent Defendant Equifax a dispute letter stating that the Deville Asset Management Account and LendingUSA appear to be the same account and the account was settled.

29. Plaintiff requested that Defendant Equifax correct the reporting.

30. Upon information and belief, within 5 business days of receiving Plaintiff's dispute, Defendant Equifax forwarded the dispute letter to Defendant Deville.

31. Upon information and belief, Defendant Equifax failed to forward the dispute letter to Defendant LendingUSA.

32. On or about May 3, 2019, Plaintiff received his Equifax dispute results.

33. Defendant Equifax updated the Deville Asset Management account to reflect a $0 balance and a status of paid.

34. However, Defendant Equifax failed to conduct a reasonable investigation on the LendingUSA account, and the dispute results made no mention of the LendingUSA account.

### D. INACCURATE CREDIT REPORTING REMAINS

35. On or about June 3, 2019, Plaintiff pulled his consumer credit reports.

36. Defendant Equifax was reporting a LendingUSA Account (account #LCU157XXXX) with a past due balance of $19,224.00 and a status of charged off.
37. The credit reporting was inaccurate because Plaintiff had settled the alleged debt in full with Defendant Deville in or around January 2019.
38. Further, Defendant Equifax was aware that the LendingUSA account should have been reporting a $0 balance because Plaintiff had previously disputed the account with Equifax.
39. Moreover, Defendant Equifax knew that Defendant Deville was collecting on behalf of Defendant LendingUSA and the Deville Account Management account was reflecting a $0 balance.
40. The inaccurate credit reporting caused the Plaintiff to suffer stress, anxiety, and frustration at the thought that his credit reports continued to report his accounts inaccurately.
41. As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer from emotional and mental pain and anguish, an inaccurate credit report and a decreased credit score.
42. Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages and costs and attorney's fees.

## COUNT I

**Defendants Equifax Information Services, LLC.**

**(Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)**

43. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.
44. Defendant conduct violated the FCRA. Defendant violations include but are not limited to:

45. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.
    a. Defendant reported and continues to report Plaintiff's LendingUSA account with a past due balance;
    b. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's information;
    c. The inaccurate reporting of Plaintiff's information has caused him to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and anguish and a lower credit score.
46. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).
47. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

48. Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed in violation of 15 U.S.C. § 1681i by indicating that Plaintiff had a past due balance on his LendingUSA account.
49. Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.
50. Defendant's acts, as described above, were done willfully and knowingly.
51. As a result of the foregoing violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
**Defendants LendingUSA LLC and Deville Asset Management, Ltd.**
**(Violations of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq*.)**

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
53. Defendants violated the CCRAA. Defendants' violations include, but are not limited to, the following:
    a. Defendants violated Cal. Civ. Code § 1785.25 by furnishing information on a specific transaction or experience to the credit reporting agencies that Defendants knew or should have knew is incomplete or inaccurate
        i. Plaintiff settled the alleged outstanding balance that originated with LendingUSA;
        ii. Defendant Deville entered into a settlement agreement with Plaintiff in or around January 2019;
        iii. Defendant LendingUSA knew or should have knew about the settlement agreement between Plaintiff and Defendant Deville;

      iv. As a result of the settlement agreement, Plaintiff's balance with Defendants was $0 and such amount should have been reflected on his credit reports;

      v. Defendants continued to report that Plaintiff had a balance to the credit reporting agencies despite knowing that he had settled the account in full.

54. Defendants' acts, as described above, were done willfully and knowingly.

55. As a result of the foregoing violations of the CCRAA, Defendants are liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code 1785.31.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Paul Ostrowski respectfully requests judgment be entered against Defendants LendingUSA LLC, Riverwalk Holdings, Ltd. d/b/a Deville Asset Management, Ltd., and Equifax Information Services, LLC, for the following:

    A. Declaratory judgment that Defendant Equifax Information Services, LLC, violated the FCRA;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(b);

    C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    E. Declaratory judgment that Defendants LendingUSA LLC and Riverwalk Holdings Ltd. d/b/a Deville Asset Management, Ltd., violated the CCRAA;

    F. Actual damages of $1,000.00 pursuant CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

G. Punitive damages pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

H. Costs and attorney's fees pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1);

I. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

J. Any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

DATED: September 25, 2019          PRICE LAW GROUP, APC

*By: /s/ Youssef H. Hammoud*
Youssef H. Hammoud (CA #321934)
Price Law Group, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Paul Ostrowski*